### DEERING v. WAYNE CIRCUIT JUDGE.

NE EXEAT — ALLOWANCE OF WRIT AGAINST HUSBAND NOT IN ARREARS IN PAYMENT OF ALIMONY IMPROPER.

    Where, at the time a writ of *ne exeat* was granted against a divorced husband, he was not in arrears in the payment of alimony ordered by the court, the allowance of the writ was improper, and, therefore, the order of the court dismissing the writ, on motion of the husband, was not an abuse of discretion.[1]

Mandamus by Gertrude Deering to compel Ira W. Jayne, circuit judge of Wayne county, to vacate an order dismissing a writ of *ne exeat.* Submitted September 16, 1924. (Calendar No. 31,409.) Writ denied October 30, 1924.

---

[1]Ne Exeat, 29 Cyc. p. 387.

On power to issue writ of *ne exeat* to prevent decree for alimony from becoming ineffective, see note in 8 A. L. R. 327.

*Ira F. Morgan,* for plaintiff.

BIRD, J.    This is an application for a mandamus to compel the defendant circuit judge to vacate his order dismissing a writ of *ne exeat* against Stephen V. Deering, a plaintiff in a divorce proceeding.    The record shows that Deering filed a bill for divorce. Plaintiff answered and filed a cross-bill.    The hearing persuaded the trial court that plaintiff was entitled to a decree, and accordingly one was granted, which gave her the custody of her two minor children. Permanent alimony in the sum of $18 per week for herself and children was also granted.    Not long thereafter plaintiff came into court with a showing for a writ of *ne exeat.*    The showing was in substance that Deering was a British subject, living in Detroit, and that he declared to plaintiff he was going to leave this country to avoid paying the alimony. The writ was granted, with an indorsement for bail in the sum of $500.    Deering made answer and moved to dismiss the writ.    Defendant heard the proofs upon this motion and dismissed the writ. Plaintiff felt aggrieved at this order and petitions this court to compel a reinstatement of the writ.    Counsel for plaintiff says in his brief that the only question involved is whether the defendant had the power to issue a writ in the first instance.    The return to the order to show cause shows that to have been one of the questions involved, but other reasons are also stated which moved defendant's discretion to dismiss the writ.

Prior to the passage of the judicature act the authority to issue writs of *ne exeat* depended on the general chancery power of the court.    The judicature act (3 Comp. Laws 1915, § 12299) gave to the circuit courts the authority to issue the following writs:

"*Habeas corpus*, mandamus, injunction, *quo warranto*, certiorari and *ne exeat*, and to hear and determine the same." * * *

This section appears to invest chancery courts with the power to issue writs of *ne exeat* in proper cases. As the statute has provided no rules of practice in relation thereto, we must assume that the rules governing this issue are to be found in the general chancery practice.

The defendant had before him for consideration, when he dismissed the writ, the following facts:

(*a*) The answer of Deering, denying the equities of plaintiff's petition.

(*b*) The fact that before the motion was filed the decree as to alimony and custody of children had been modified.

(*c*) The fact that Deering was not in arrears in his payments of alimony.

(*d*) The fact that plaintiff had other legal remedies for the enforcement of the payment of alimony.

*Bailey* v. *Cadwell*, 51 Mich. 217, was an action on a *ne exeat* bond, which had been given in a divorce case. In discussing whether the writ was proper in such cases, Mr. Justice CAMPBELL said, in part:

"The one exception to the rule confining the writ to equitable debts arose in the case of alimony, and was allowed because the ecclesiastical courts could not enforce its payment by any adequate means. 3 Dan. Ch. Pr. 1802 and cases cited. In *Denton* v. *Denton*, 1 Johns. Ch. (N. Y.) 441, Chancellor Kent allowed the writ in a suit pending before alimony granted, and this case has been followed in New York. But the authorities which he relied on do not support any such doctrine, but it is distinctly repudiated. It is well settled that the writ cannot be allowed except for arrears due and unpaid. *Shaftoe* v. *Shaftoe*, 7 Ves. 171; *Dawson* v. *Dawson*, 7 Ves. 173; *Haffey* v. *Haffey*, 14 Ves. 261."

The Vesey reports referred to fully sustain the text. These hold that if no alimony is in arrears the use of the writ is improper.   The showing in this case that the alimony had been paid in advance, and that there were no arrears, fully justified defendant in dismissing the writ.   This point, together with the other facts, called upon defendant for an exercise of discretion.   He has done so and we find no abuse of discretion.

The writ is denied.   No costs will be allowed defendant as no brief in behalf of defendant was filed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.